FILED

07/05/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0657

DA 15-0657

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 168N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

BYRON NELSON,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                  In and For the County of Flathead, Cause No. DC 13-245 (C)
                  Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Chad Wright, Chief Appellate Defender, Chad R. Vanisko, Assistant
              Appellate Defender, Helena, Montana

       For Appellee:

              Timothy C. Fox, Montana Attorney General, Tammy K Plubell,
              Assistant Attorney General, Helena, Montana

              Edward J. Corrigan, Flathead County Attorney, Kalispell, Montana

                           Submitted on Briefs:  June 7, 2017

                                  Decided:  July 5, 2017

Filed:

                                         Clerk

Justice Dirk M. Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The State charged Byron Nelson with criminal distribution of dangerous drugs after Nelson sold marijuana to a friend who was also a confidential informant for law enforcement. Nelson filed a motion to dismiss, asserting he was entrapped as a matter of law. Nelson and the officer handling his case testified at a hearing on the motion. At the end of the hearing, the District Court denied the motion on the ground that genuine issues of material fact precluded judgment as a matter of law on Nelson's entrapment defense. Pursuant to an agreement with the State that preserved his right to appeal the District Court's decision, Nelson pled guilty prior to trial. Nelson appeals the Court's denial of his motion to dismiss due to entrapment as a matter of law.

¶3 A district court's decision to grant or deny a motion to dismiss is a question of law reviewed for correctness. *State v. Reynolds*, 2004 MT 364, ¶ 8, 324 Mont. 495, 104 P.3d 1056. In reviewing a denial of a motion to dismiss based on entrapment, we view the evidence and inferences in the light most favorable to the State. *Reynolds*, ¶ 8.

¶4 The entrapment defense is codified at § 45-2-213, MCA, which provides:

> A person is not guilty of an offense if the person's conduct is incited or induced by a public servant or a public servant's agent for the purpose of

2

obtaining evidence for the prosecution of the person. However, this section is inapplicable if a public servant or a public servant's agent merely affords to the person the opportunity or facility for committing an offense in furtherance of criminal purpose that the person has originated.

Defendants bear the burden of proving entrapment. *Reynolds*, ¶ 9 (citing *State v. Kyong Cha Kim*, 239 Mont. 189, 194, 779 P.2d 512, 515 (1989)). In the absence of genuine issues of material fact, the court may determine that entrapment occurred as a matter of law. *Reynolds*, ¶ 9 (citing *Kim*, 239 Mont. at 194, 779 P.2d at 515). Otherwise, entrapment is a question of fact for jury determination. *Reynolds*, ¶ 9.

¶5     Nelson asserts on appeal that the District Court erroneously believed that entrapment was not amenable to resolution as a matter of law. The transcript of the hearing on Nelson's motion to dismiss indicates otherwise. The District Court considered the testimony of Nelson and the officer and determined there were outstanding questions of fact regarding Nelson's entrapment defense. For example, Nelson claimed he had never before sold drugs to the informant. The informant told law enforcement that Nelson had sold him drugs just two months before the sale that led to Nelson's arrest.[1] The fact that Nelson previously sold drugs to the informant could potentially discredit his assertion that he was not predisposed to illegally selling drugs. *See State v. Grenfell*, 172 Mont. 345, 349, 564 P.2d 171, 173-74 (1977) (entrapment found when defendant was not predisposed to commit the charged offense). Accordingly, the District Court correctly determined Nelson's entrapment defense was "a matter of fact to be heard by the jury at trial." Nelson

---

[1] In his reply brief, Nelson admits that he did not object on hearsay grounds to the officer's testimony about the informant's statements.

3

was free to proceed to trial and have a jury determine the merit of his entrapment defense but chose to enter a guilty plea instead. Viewing the hearing testimony in the light most favorable to the State, we conclude that the District Court did not err in denying Nelson's motion to dismiss due to entrapment as a matter of law.

¶6    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct. Affirmed.


                                                /S/ DIRK M. SANDEFUR


We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE